1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   KHALIFAH EL-AMIN DIN SAIF'ULLAH,)     No. C 15-5600 LHK (PR)
                                        )
12        Plaintiff,                    )    ORDER OF SERVICE;
                                        )    DIRECTING DEFENDANTS TO
13     vs.                              )    FILE DISPOSITIVE MOTION OR
                                        )    NOTICE REGARDING SUCH
14   ASSOCIATE WARDEN S.R. ALBRITTON)        MOTION
     and CORRECTIONAL LT. R. KLUGER,    )
15                                      )
          Defendants.                   )
16   _____)

17        Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under

18   42 U.S.C. § 1983.  For the reasons stated below, the court orders service upon defendants, and

19   directs all defendants to file a dispositive motion or notice regarding such motion.

20                                    **DISCUSSION**

21   A.    Standard of Review

22        A federal court must conduct a preliminary screening in any case in which a prisoner

23   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

24   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

25   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

27   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

28   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Saif'ullah600srv.wpd

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3  the alleged violation was committed by a person acting under the color of state law. *See West v.*

4  *Atkins*, 487 U.S. 42, 48 (1988).

5  B.    Legal Claims

6    Plaintiff is a practicing Muslim incarcerated at San Quentin State Prison ("SQSP").  As

7  part of his religious beliefs, plaintiff must pray five times daily at specified times: specifically at

8  Zhur (noon) and Asr (afternoon) prayer during "opening dayroom" when all prisoners are

9  allowed to participate in recreational activities.  By doing so, plaintiff believes that he will

10  receive between 25-27 times more blessings during a congregational prayer than during

11  individual prayer.  At the time, SQSP staff had imposed a rule prohibiting SQSP Muslim inmates

12  from offering congregational prayer in groups of more than 4 inmates at a time.

13    Initially, Muslim prisoners on the West Block at SQSP were not permitted to engage in

14  congregational prayer groups with more than 4 Muslim prisoners during "open dayroom" even

15  though a group of about 25 Christian prisoners was simultaneously offering a congregational

16  prayer and was not interrupted by correctional staff.  Plaintiff and other Muslim prisoners filed a

17  group administrative grievance, complaining that they were being discriminated against based on

18  their religion.  At the third level of review, plaintiff's appeal was granted, and the complaint was

19  referred to the Religious Review Committee.  On May 14, 2014, the Religious Review

20  Committee decided to allow Muslim prisoners at SQSP to participate in congregational prayer of

21  no more than 15 prisoners during "open dayroom."

22    However, on November 17, 2014, Defendants Albritton and Kluger ordered plaintiff to

23  discontinue offering congregational Zhur and Asr prayer during open dayroom.  Plaintiff was

24  told that he could offer one congregational prayer per day during "open dayroom" between 7:30

25  p.m. and 9:00 p.m.  Plaintiff filed an administrative group appeal the next day against

26  Defendants.  At the third level of review, plaintiff's appeal was granted, and the warden was

27  ordered to have another Religious Review Committee to modify the May 14, 2014 order in order

28  offer congregational prayer five times a day, especially during "open dayroom."

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Saif'ullah600srv.wpd            2

1    In the underlying federal complaint, plaintiff alleges that Defendants have refused to

2  comply with this third level of review directive, and prison officials have not conducted a

3  Religious Review Committee meeting.  Plaintiff also alleges that Muslim prisoners are currently

4  not allowed to meet in groups of 5 or more for congregational prayer groups while Christians

5  and Jewish prisoners are permitted to meet for congregational prayer as often as they want

6  during "open dayroom."

7    Liberally construed, plaintiff has stated cognizable claims that defendants violated the

8  First Amendment Free Exercise Clause, First Amendment Establishment Clause, First

9  Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the

10  Religious Land Use and Institutionalized Persons Act.

11    **CONCLUSION**

12    1.    The Clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

13  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

14  and all attachments thereto (docket no. 1), and a copy of this order to **Associate Warden S.R.**

15  **Albritton and Correctional Lt. R. Kluger** at **San Quentin State Prison**.  The Clerk of the

16  court shall also mail a courtesy copy of the complaint and a copy of this order to the California

17  Attorney General's Office.  Additionally, the Clerk shall mail a copy of this order to plaintiff.

18    2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

19  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

20  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on

21  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear

22  the cost of such service unless good cause be shown for their failure to sign and return the waiver

23  form.  If service is waived, this action will proceed as if defendants had been served on the date

24  that the waiver is filed, and defendants will not be required to serve and file an answer before

25  **sixty (60) days** from the date on which the request for waiver was sent.  Defendants are asked to

26  read the statement set forth at the bottom of the waiver form that more completely describes the

27  duties of the parties with regard to waiver of service of the summons.  If service is waived after

28  the date provided in the Notice but before defendants have been personally served, the Answer

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Saif'ullah600srv.wpd        3

1   shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty**

2   **(20) days** from the date the waiver form is filed, whichever is later.

3          3.       No later than **sixty (60) days** from the date the waivers are sent from the court,

4   defendants shall file a motion for summary judgment or other dispositive motion with respect to

5   the cognizable claims in the complaint.  Any motion for summary judgment shall be supported

6   by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal

7   Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be**

8   **granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of**

9   **the opinion that this case cannot be resolved by summary judgment, they shall so inform**

10  **the court prior to the date the summary judgment motion is due.**

11         4.       Plaintiff's opposition to the dispositive motion shall be filed with the court and

12  served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is

13  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

14  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

15  come forward with evidence showing triable issues of material fact on every essential element of

16  his claim).

17         5.       Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's

18  opposition is filed.

19         6.       The motion shall be deemed submitted as of the date the reply brief is due.  No

20  hearing will be held on the motion unless the court so orders at a later date.

21         7.       All communications by the plaintiff with the court must be served on defendants

22  or defendants' counsel, by mailing a true copy of the document to defendants or defendants'

23  counsel.

24         8.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

25  No further court order is required before the parties may conduct discovery.

26         9.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

27  and all parties informed of any change of address and must comply with the court's orders in a

28  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Saif'ullah600srv.wpd          4

1  pursuant to Federal Rule of Civil Procedure 41(b).

2       IT IS SO ORDERED.

3  DATED: 3/14/2016

   *Lucy H. Koh*

   LUCY H. KOH
4  United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Saif'ullah600srv.wpd        5